Daniel E. Rybeck, Esquire (DR 8652)
**Weir & Partners LLP**
*A Pennsylvania Limited Liability Partnership*
215 Fries Mill Road
Turnersville, NJ 08012
Attorney for Plaintiff
T: (856) 662-1018
F: (856) 662-1592

## DISTRICT COURT OF THE UNITED STATES
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARFA ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JK CITGO, LLC and HARDEEP SINGH, <br> Defendants. | **VERIFIED COMPLAINT and DEMAND FOR JURY** <br><br> Civil Action No: |

Plaintiff, ARFA Enterprises, Inc. ("ARFA"), by its attorneys, Weir & Partners LLP, and by way of Verified Complaint against Defendants JK Citgo, LLC ("JK Citgo") and Hardeep Singh ("Singh"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff ARFA seeking appropriate relief against the Defendants in light of the Defendants' violations of the Petroleum Marketing Practices Act (15 U.S.C. § 2801 et seq.) ("PMPA") and contracts entered into between the parties.

2. As more fully set forth below, Defendants operate a Citgo service station located at 3034 Route 73 North, Maple Shade, NJ 08052 ("Facility"), and have failed to pay ARFA in a timely manner sums due pursuant to the contracts; and Defendants have engaged in willful adulteration, mislabeling and/or misbranding of motor fuels.

## THE PARTIES

3. ARFA is a New Jersey corporation with offices at 1800 Chapel Avenue West, Suite 100, Cherry Hill, NJ 08002, and is duly authorized to conduct business in the State of New Jersey.

4. JK Citgo is a New Jersey limited liability company with a main business address of 3034 Route 73 North, Maple Shade, NJ 08052.

5. Singh is the sole member of JK Citgo, and resides at 21 Holly Road, Iselin, NJ 08830.

## JURISDICTION & VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States), 15 U.S.C. § 2801 et seq. (violations of the PMPA), and 28 U.S.C. § 1367 (supplemental jurisdiction over claims relating to those for which the Court has original jurisdiction.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

8. At all times herein ARFA engaged in the sale of supplying motor fuel and motor oil.

9. On December 1, 2010, ARFA and Singh entered into a Dealer Supply Agreement ("DSA") regarding the purchase and sale of branded motor fuel sales at the Facility.

10. Paragraph 3(a) of the DSA requires Singh to purchase 100% of Facility's motor fuel and motor oil requirements from ARFA.

11. Paragraph 17 of the DSA requires retail motor fuel advertised or sold at the Facility shall be sold under the "CITGO" trademarks.

12. Paragraph 18 of the DSA provides ARFA the right to terminate the DSA upon the occurrence of, *inter alia*, (1) breach by Singh of any provision of the DSA; (2) Singh's failure to pay ARFA in full or in a timely manner when due all sums to which ARFA is legally entitled; or (3) delivery to the Facility or sales of non-ARFA fuel.

13. On December, 1, 2010, ARFA and Singh also entered into an Addendum to the DSA, a Branding and Product Purchase Commitment ("BPPC").

14. Paragraph 1.1 of the BPPC defines "Brand" as the "CITGO" brand.

15. Article 2 of the BPPC requires Singh to advertise or sell CITGO motor fuel.

16. Article 4 of the BPPC permits ARFA to seek injunctive relief in the event Singh breaches the BPPC.

17. On December 1, 2010, ARFA and Singh also entered into a Retail Facility Lease ("RFL") for the Facility.

18. Paragraph 7 of the RFL requires Singh to pay all taxes and utilities for the Facility.

19. Paragraph 19 permits ARFA to terminate the RFL for failure to comply with the RFL, DSA or BBPC, including Singh's willful adulteration, misleading or misbranding of motor fuels.

20. On July 31, 2013, Defendants were notified via certified mail, return receipt requested, by AFRA that from June 26, 2013, to July 29, 2013, non-ARFA fuel was delivered to the Facility.

21. On April 19, 2015, Defendants were notified via certified mail, return receipt requested, by AFRA that from January 30, 2015, to March 26, 2016, non-ARFA fuel was delivered to the Facility.

22. On February 23, 2016, Defendants were notified via certified mail, return receipt requested, by AFRA that on February 22, 2016, requests for electronic funds transfer ("EFT") to ARFA was dishonored by Defendants' bank in the amount of $24,126.52.  ARFA further notified Defendants of their failure to pay for utilities to Maple Shade Township.

23. On May 4, 2016, Defendants were notified via certified mail, return receipt requested, by AFRA that on April 29, 2016, requests for EFT to ARFA was dishonored by Defendants' bank in the amount of $31,475.00.  ARFA further notified Defendants of their failure to pay for utilities to Maple Shade Township.

24. In response to ARFA's May 4, 2016, letter, On May 14, 2015, Defendants admitted they violated the agreements between the parties by having non-ARFA fuel delivered to the Facility, and Singh stated:

> I personally guarantees [sic] to comply with the agreement, and I agree vacate [sic] the marketing premises immediately upon your demand, in the event CITGO brand motor Gas fuel is adulterated, mislabeled or misbranded in the future at the said marketing premises, or in the event that motor fuel is delivered into the underground storage tanks at the said marketing premises from a source other than Arfa Enterprises, Inc.

See May 14, 2015, letter of Singh, attached hereto as Exhibit "1" and incorporated herein by reference.

25. On June 22, 2016, Defendants were notified via certified mail, return receipt requested, by AFRA that on June 21, 2016, requests for EFT to ARFA was dishonored by Defendants' bank in the amount of $15,995.68.  ARFA further notified Defendants of their failure to pay for utilities to Maple Shade Township.

26. On March 14, 2017, a request for EFT to ARFA was dishonored by Defendants' bank in the amount of $17,705.68.  See Notice, attached hereto as Exhibit "2" and incorporated herein by reference.

27. On March 23, 2017, a Delinquency Notice was sent by Maple Shade Township for unpaid sewer and water for the Facility. See Notice, attached hereto as Exhibit "3" and incorporated herein by reference.

28. On April 6, 2017, ARFA sent Defendants a Notice of Termination/Non-Renewal and to Vacate the Facility. The April 6th Notice stated the agreements were terminated and would not be renewed, effective April 10, 2017; and Defendants must vacate the Facility, no more than one month from April 6, 2017. The Notice stated it was based upon the following grounds: (1) Defendants failure to pay fees owed to ARFA in a timely manner, despite demand; (2) Defendants engaged in willful adulteration, mislabeling or misbranding of motor fuels or other trademark violations; and (3) Defendants knowingly failed to comply with laws/regulations relevant to the operation of the Facility. The Notice reasoned the three (3) aforementioned grounds constitutes: (1) Defendants failure to comply with the agreements, which are both reasonable and of material significance to the parties' relationship; (2) Defendants failure to exert good faith efforts to carry out the provisions of the agreements; and (3) Events occurring that warrant termination/non-renewal of the agreements. Attached to the Notice was Revised Summary of Title I of the PMPA and Amendment thereto. See Notice, attached hereto as Exhibit "4" and incorporated herein by reference.

29. Defendants continued receipt of non-ARFA fuel in 2017 is evidenced by photographs and a Fuel Reconciliation chart for March 28, 2017, to April 17, 2017. See photographs and chart, attached hereto as Exhibit "5" and incorporated herein by reference.

30. As of May 11, 2017, Defendants remain at the Facility.

## COUNT I

## VIOLATION OF THE PETROLEUM MARKETING PRACTICES ACT

31. Plaintiff repeats the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

32. The PMPA provides in § 2802(b)(2)(A)-(C) grounds for termination of a franchise or non-renewal.

33. The aforesaid acts of Defendants, i.e. permitting and commingling non-ARFA fuel at the Facility, failing to timely pay monies owed to ARFA pursuant to the Agreements, and failing to pay utilities to Maple Shade Township, all constitute grounds for termination pursuant to § 2802(b)(2)(A)-(C).

34. ARFA has complied with the Notice provisions set forth in § 2804 of the PMPA.

35. Defendants continue to operate the Facility despite their violation of the PMPA and ARFA's demand to vacate.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

   a. Declaratory judgment that ARFA's termination of the franchise and franchisee relationship with Defendants was lawful under the PMPA;

   b. Enjoining Defendants from continuing to operate the Facility;

   c. Immediate possession of the Facility being awarded to ARFA;

   d. Attorneys' fees, interests and costs of suit;

   e. Any other relief as the Court may deem equitable and just.

## COUNT II

## BREACH OF CONTRACT
### (Violation of RFL)

36. Plaintiff repeats the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

37. On December 1, 2010, ARFA and Singh entered into the RFL.

38. ARFA has performed its obligations under the RFL.

39. The aforesaid acts of Singh, i.e. permitting and commingling non-ARFA fuel at the Facility, failing to timely pay monies owed to ARFA pursuant to the Agreements, and failing to pay utilities to Maple Shade Township, constitutes a breach of the RFL by Singh.

40. As a result of Singh's breach of the RFL, ARFA has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Singh as follows:

a. Compensatory damages;

b. Enjoining Defendants from continuing to operate the Facility;

c. Immediate possession of the Facility being awarded to Plaintiff;

d. Attorneys' fees, interests and costs of suit;

e. Any other relief as the Court may deem equitable and just.

## COUNT III

## BREACH OF CONTRACT
### (Violation of DSA)

41. Plaintiff repeats the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

42. On December 1, 2010, ARFA and Singh entered into the DSA.

43. ARFA has performed its obligations under the DSA.

44. The aforesaid acts of Singh, i.e. permitting and commingling non-ARFA fuel at the Facility, failing to timely pay monies owed to ARFA pursuant to the Agreements, and failing to pay utilities to Maple Shade Township, constitutes a breach of the DSA by Singh.

45. As a result of Singh's breach of the DSA, ARFA has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Singh as follows:

   a. Compensatory damages;

   b. Enjoining Defendants from continuing to operate the Facility;

   c. Immediate possession of the Facility being awarded to Plaintiff;

   d. Attorneys' fees, interests and costs of suit;

   e. Any other relief as the Court may deem equitable and just.

## COUNT IV

## BREACH OF CONTRACT
### (Violation of BPPC)

46.    Plaintiff repeats the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

47.    On December 1, 2010, ARFA and Singh entered into the BPPC.

48.    ARFA has performed its obligations under the BPPC.

49.    The aforesaid acts of Singh, i.e. permitting and commingling non-ARFA fuel at the Facility, failing to timely pay monies owed to ARFA pursuant to the Agreements, and failing to pay utilities to Maple Shade Township, constitutes a breach of the BPPC by Singh.

50.    As a result of Singh's breach of the BPPC, ARFA has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Singh as follows:

    a.  Compensatory damages;

    b.  Enjoining Defendants from continuing to operate the Facility;

    c.  Immediate possession of the Facility being awarded to Plaintiff;

    d.  Attorneys' fees, interests and costs of suit;

    e.  Any other relief as the Court may deem equitable and just.

## COUNT V

## VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

51. Plaintiff repeats the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

52. In every contract there exists an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement.

53. The implied covenant of good faith and fair dealing imposes an obligation on Singh to act fairly, honestly and in good faith in the performance of the terms and conditions of its contractual relationship with Plaintiff.

54. Plaintiff had a reasonable expectation that it Defendants would sell only ARFA fuel, make payments in a timely manner to ARFA and pay utilities for the Facility.

55. Singh breached his implied covenant of good faith and fair dealing to Plaintiff by permitting and commingling non-ARFA fuel at the Facility, failing to timely pay monies owed to ARFA pursuant to the Agreements, and failing to pay utilities to Maple Shade Township, constitutes a breach of the BPPC by Singh.

56. As a direct and proximate result of Singh's actions, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Singh as follows:

   a. Compensatory damages;

   b. Enjoining Defendants from continuing to operate the Facility;

   c. Immediate possession of the Facility being awarded to Plaintiff;

   d. Attorneys' fees, interests and costs of suit;

   e. Any other relief as the Court may deem equitable and just.

## COUNT VI

## CONVERSION

57. Plaintiff repeats the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

58. The aforesaid actions by Defendants warranted the termination of the agreements between the parties.

59. ARFA complied with the PMPA when terminating the agreements.

60. Defendants have wrongfully converted the Facility for their own purpose to the exclusion of ARFA's ownership rights.

61. Defendants' improper exercise of the rights of possession of the Facility is inconsistent with ARFA's ownership rights to same and constitutes the unlawful conversion of such monies and property.

62. As a direct and proximate result of the wrongful actions of Defendants, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

   f. Compensatory damages;

   g. Enjoining Defendants from continuing to operate the Facility;

   h. Immediate possession of the Facility being awarded to Plaintiff;

   i. Attorneys' fees, interests and costs of suit;

   j. Any other relief as the Court may deem equitable and just.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of this action.

## TRIAL ATTORNEY DESIGNATION

Daniel E. Rybeck is hereby designated as trial attorney for Plaintiff.

**WEIR & PARTNERS LLP**
*A Pennsylvania Limited Liability Partnership*

Date: May 11, 2017

s/ Daniel E. Rybeck
DANIEL E. RYBECK, ESQ.

## VERIFICATION

I, Alex Prakhin, hereby certify as follows:

1. I am the President of ARFA Enterprises, Inc., Plaintiff in the within matter and have knowledge of the facts set forth in the Verified Complaint.

2. I have read the Verified Complaint and all of the information contained herein is true to the best of my information, knowledge and belief.

3. I have reviewed the exhibits attached to the Verified Complaint and all of the exhibits are true copies of reports, electronic mail correspondence, and notices.

Dated: May 10, 2017

_____
Alex Prakhin