```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ARFA ENTERPRISES, INC., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 17-cv-3347 (JBS-KMW) |
| v. | |
| JK CITGO, LLC and HARDEEP SINGH, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, District Judge:**

In this case under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801-2841 ("PMPA"), plaintiff Arfa Enterprises, a petroleum products distributor ("ARFA"), sued defendants JK Citgo, LLC and Hardeep Singh ("Defendants") for violation of the PMPA and breach of contract in connection with the operation of a retail gas service station located at 3034 Route 73 North, Maple Shade, New Jersey (the "Facility").

Plaintiff principally alleged that Defendants willfully misbranded and sold motor fuel and made untimely payments in violation of the PMPA, and that Defendants breached the parties' contract by purchasing motor fuel from a non-ARFA supplier while operating under ARFA's Citgo brand.

The Court previously convened a hearing on ARFA's motion for preliminary injunction, which was granted, ordering

Defendants to vacate the Facility, terminating the contracts, and requiring Defendants to pay the sums owing to ARFA. [Order for Preliminary Injunction, June 13, 2017 (Docket Item 19)]. Defendants answered the Complaint and the partied completed pretrial discovery on January 31, 2018. [Docket Items 30 & 31.]

Presently before the Court is ARFA's motion for summary judgment, filed February 22, 2018 [Docket Item 32], which is unopposed by Defendants.

I. **UNOPPOSED SUMMARY JUDGMENT MOTION**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any mater8ial fact and that the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. The Court must view the evidence in the summary judgment motion record in favor of the non-moving party by extending any reasonable favorable inference to that party, and shall deny the motion if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The moving party always bears the initial burden of showing that the genuine dispute of material fact exists, regardless of which party ultimately has the burden of persuasion at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Where, as in the present case, the Plaintiff's

2

motion for summary judgment is unopposed, the Court nonetheless has the duty to ascertain whether the movant's evidence is sufficiently probative and consistent to form the basis of a reasonable factfinder entering a verdict in Plaintiff's favor under the applicable principles of law." TCG Insurance Co. v. Privilege Care Marketing, Inc., 2005 WL 9944581 at *2 (D.N.J. Apr. 27, 2005). Under Rule 56(e), Fed. R. Civ. P., if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may... (3) grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it...," Rule 56(c)(3), Fed. R. Civ. P.

Further, where, as here, the movant has properly documented its motion in a Statement of Material Facts not in Dispute ("SMF") as required by L. Civ. R. 56.1(a), if the opponent fails to file a responsive statement of material facts, addressing each paragraph of the movant's statement, "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Id. The movant's compliance with L. Civ. R. 56.1(a) has the salutary effect of providing the explicit evidentiary basis for the granting of its motion when unaddressed by the opponent, or for substantially narrowing the facts if only partially addressed. Thus, where the movant's Local Rule 56.1 statement is properly supported by citations to

the affidavits and other documents of record, the opponent's failure to file responding papers may result in the movant's facts being deemed undisputed.

The court, even in this situation, retains the duty to review the motion and determine whether summary judgment is "appropriate." <u>Wells Fargo Bank v. Bertea</u>, 2016 U.S. Dist. LEXIS 40191 (D.N.J. Mar. 28, 2016); <u>Willow Int'l v. Standard Casing Co.</u>, 2013 U.S. Dist. LEXIS 177560 (D.N.J. Dec. 18, 2013).

## II. **FACTUAL BACKGROUND**

This is a motion in which the moving plaintiff has fully supported its motion by citations to the record for each necessary fact, tied together not only in its brief but more importantly in its SMF [Docket Item 32-2]. The SMF cites, on a fact-by-fact basis, in individual paragraphs, to the pertinent portions of the accompanying declaration and Exhibits A-N. These facts, properly supported by citation to the record, are undisputed. L. Civ. R. 56.1(a). The court has reviewed, and it hereby adopts, Plaintiff's factual statements in ¶¶ 1-28 of the SMF [Docket Item 32-2], as if set forth in full herein.

In summary, these facts establish that ARFA supplied motor fuel and motor oil to Defendants who leased the Facility from ARFA and operated it as a Citgo service station. The relationship was governed by three contracts detailing their

agreement to lease the retail station and purchase the motor fuel that Defendants dispensed to retail motorists.

Under the parties' Dealer Supply Agreement ("DSA"), ¶ 3(a) of the DSA required Defendants to purchase 100% of the Facility's motor fuel and motor oil requirements from ARFA. Paragraph 17 of the DSA required all retail motor fuel advertised or sold at Defendants' Facility to be sold under the "CITGO" trademarks, and Paragraph 18 of the DSA authorized ARFA to terminate the DSA upon, <u>inter alia</u>, (1) breach by Defendants of any provision of the DSA; (2) Defendants' failure to pay ARFA in full or in a timely manner; or (3) delivery to the Facility or sales of non-ARFA fuel.

Defendants have admitted, and ARFA has proved, that JK Citgo began purchasing motor fuel from another supplier, and JK Citgo accepted deliveries of misbranded (non-Citgo brand) fuel on at least five occasions.

Defendants also failed to make full and timely payments for ARFA's petroleum products, as Defendants' requests for electronic funds transfers were dishonored by Defendants' bank on numerous occasions, including on or about February 22, 2016 ($24,126.52), April 29, 2016 ($31,475.00), June 21, 2016 ($15,995.68), and March 14, 2017 ($17,705.68). The total of these dishonored payments is $89,302.88. Furthermore, ARFA learned on or about March 23, 2017 that Defendants failed to pay

the municipal sewer and water bills as required, rendering Defendants non-compliant with the local laws governing their operation of the Facility.

Defendants duly served a notice of termination and non-renewal and to vacate the Facility due to Defendants' multiple breaches, namely (a) Defendants' failure to pay fees owed to ARFA in a timely manner despite demand; (b) Defendants' willful adulteration, mislabeling, and misbranding of the motor fuels and other violations of the Citgo trademarks; and (c) Defendants; failure to comply with the laws/requirements for operation of the Facility.

Defendants remained at the Facility until vacating in compliance with the Court's order for Preliminary Injunction, filed June 13, 2017, and Defendants have asserted no counterclaim (for which the time expired on November 9, 2017) or other proceeding to seek to retake possession of the Facility to date.

**III. DISCUSSION OF LAW**

    **A. PMPA Claims**

This Court has federal question jurisdiction, 28 U.S.C. § 1331, under the provisions of PMPA, including 15 U.S.C. § 2802, regulating a franchisor's termination of the franchise relationship.  The court also exercises supplemental

jurisdiction, 28 U.S.C. § 1367, over the contractual claims and eviction process arising at state law.

First, the Defendants have knowingly and willfully sold misbranded (non-Citgo) fuel in violation of PMPA § 2802(c)(10) which lists "willful adulteration, mislabeling or misbranding of motor fuels or other trademark violations by the franchisee" as an authorized ground for termination of the franchise. Defendants misbranded non-Citgo motor fuel while operating the franchise under ARFA's Citgo Flag, which misbranding occurred, as Defendants have admitted, on at least five occasions.

Second, Plaintiff has proven that Defendants repeatedly failed to pay ARFA in a timely manner the sums due on at least four occasions totaling $89,302.88 for franchise payments, in violation of PMPA at § 2082(c)(8), which specifies that "failure by the franchisee to pay the franchisor in a timely manner when due all sums to which the franchisor is legally entitled" is an authorized ground for franchise termination.

ARFA has demonstrated it complied with the procedural requirements of PMPA regarding franchise termination, including providing written notice to Defendants within 120 days of actual or constructive knowledge of Defendants' PMPA violations, 15 U.S.C. § 2082(b)(2)(C)(i).

Plaintiff ARFA is thus entitled to summary judgment as a matter of law, specifically, a declaratory judgment and injunctive relief, on its Count I PMPA claim.

The Court is authorized to grant the remedy of declaratory relief, 28 U.S.C. § 2201, as a judgment that "declare[s] the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Court finds that Plaintiff ARFA is entitled to a declaratory judgment determining that "Plaintiff's termination of the franchise and franchise relationship with Defendants was lawful under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801-2841," and judgment in Plaintiff's favor will be issued accordingly.

Further, Plaintiff seeks that the Court's preliminary injunction be enlarged to a permanent injunction. A permanent injunction may be granted if the Plaintiff satisfies a four-factor test by demonstrating:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equ8ity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 390 (2006); accord, Ortho-McNeil Pharm. Inc. v. Mylan Labs., Inc., 2007 WL

869545 at *1 (D.N.J. Mar. 20, 2007), aff'd, 520 F.3d 1358 (Fed. Cir. 2008).

This Court previously made detailed findings of fact and conclusions of law supporting the granting of preliminary injunctive relief in its Oral Opinion on June 12, 2017, set forth in Tr. 6/12/17 at 61:24 to 77:22 [Docket Item 32-15]. Those findings, that Plaintiff ARFA satisfied each required element of preliminary injunctive relief, are unchallenged by Defendants and indeed are borne out by the present summary judgment record. The facts and circumstances supporting injunctive relief have been fortified by the subsequent completion of discovery. Those findings, as well as those set forth in this Memorandum Opinion, are incorporated herein as a basis for permanent injunctive relief.

Namely, the Plaintiff has demonstrated it suffered irreparable injury through the Defendants' repeated purchase and sale of misbranded gasoline impairing Plaintiff's Citgo trademarks; such conduct also has the tendency to erode customer confidence in the brand and the goodwill of customer loyalty that cannot be readily monetized. Monetary damages are inadequate to compensate for such injuries. The balance of hardships favors ARFA's interests in distributing its products through a service station and lessee that honors its agreements, plays by the rules, and does not continue to obtain and sell

9

misbranded (non-Citgo) products after promising not to do so, as occurred here; these interests far outweigh the hardship to Defendants of being enjoined from continuing at the Facility, notwithstanding that the parties had enjoyed a more constructive relationship for several years predating these troubles. Finally, the public interest is well-served by ending the prospect of continued misbranding of petroleum products and enforcing ARFA's statutory PMPA rights without infringing PMPA's protections afforded to the Defendants/franchisee.  Plaintiff's motion for permanent injunctive relief, enjoining Defendants from occupying and operating the Facility, will therefore be granted and the accompanying Final Judgment will be entered.

    B.    **Breach of Contract Claims**

The parties' DSA required Defendant "to purchase 100% of its motor fuel and motor oil requirements directly from [ARFA] and not from any other person or entity." Ex. I at ¶ 3(a). The undisputed facts show that Defendants admitted purchasing motor fuel from another entity, demonstrated by numerous exhibits in the case as outlined above. While Defendants at the preliminary injunction phase originally took the position that their breach was excusable because ARFA allegedly overcharged Defendants on certain dates, this assertion is not supported by any evidence and ARFA has denied there was any material overcharge.

10

Plaintiff has also proved, through undisputed facts, that Defendants violated the DSA by failing to remit full and timely payments for the motor fuel that ARFA provided and Defendants sold, contrary to DSA ¶ 18, supra.

These breaches concerned fundamental aspects of the DSA and entitle Plaintiff ARFA to summary judgment in its favor terminating the DSA due to Defendants' continued material breaches. The accompanying Final Judgment will so provide.

### C. **Attorneys' Fees and Costs**

Plaintiff ARFA also seeks an award of reasonable attorneys' fees and costs arising from Defendants' breach of the DSA. The DSA provides for an award of attorneys' fees as follows:

> **43. Attorneys' Fees.** A party to this Agreement who is the prevailing party in any legal proceeding against the other party brought under or with respect to this Agreement shall be entitled to recover, in addition to any award of damages or injunctive relief, court costs and reasonable attorneys' fees from the non-prevailing party.

DSA ¶ 43 [Docket Item 32-12].

Plaintiff is the prevailing party in this suit for Defendants' breach of the DSA, and is thus entitled under that agreement to recover from Defendants its reasonable attorneys'

fees and costs in connection with Plaintiffs' pursuit of this favorable judgment.[1]

Plaintiff's counsel shall submit an affidavit for compensation for services rendered and reimbursement of costs in the format required in L. Civ. R. 54.2(a), within fourteen (14) days. Defendants will thereafter have a period of fourteen (14) days to file any objection to the amounts claimed. The Court will thereafter enter an appropriate award.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for summary judgment including declaratory and injunctive relief and an award of reasonable attorneys' fees and costs. The accompanying Final Judgment will be entered.

**June 29, 2018**                  **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                         U.S. District Judge

---

[1] Plaintiff's proposed form of Order would also provide for an award of "interest," but there is no provision in the DSA for an award of interest, nor is Plaintiff entitled to prejudgment interest where Plaintiff is not recovering compensatory damages for breach of contract. To the extent Plaintiff seeks pre-judgment interest, the application is denied.